IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

DERRICK TRAVIS MCDONALD,
                                        Case No. 3:21-cv-01322-HZ
            Plaintiff,
                                        ORDER TO DISMISS
    v.

CASSIE RYAN,

            Defendant.

HERNANDEZ, District Judge.

   Plaintiff, an inmate at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

                                **BACKGROUND**

   Plaintiff alleges that on May 7, 2021, Defendant, a physician at the Inverness Jail, administered a steroid

1 - ORDER TO DISMISS

injection into his hands in order to alleviate a "trigger finger" condition from which he was suffering. According to Plaintiff, when Defendant injected his left hand, she pinched a nerve resulting in permanent nerve damage such that he no longer experiences feeling in his left pinky finger. He asserts that this constitutes medical malpractice and violates the Eighth Amendment. He seeks $730,000 in damages.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

2 - ORDER TO DISMISS

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

In order to state a valid claim pertaining to the denial of adequate medical care, Plaintiff must allege and prove that Defendants were deliberately indifferent to his "serious" medical needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000); *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and safety . . . ." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Even if a prison official should have known of a severe medical risk but did not perceive that risk, a plaintiff cannot establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Here, Plaintiff makes no allegation that Defendant Ryan was deliberately indifferent to a serious medical need. To the contrary, he asserts that she attempted to remedy his "trigger finger" malady but struck a nerve when doing so thereby committing medical malpractice. Assuming that Defendant's actions constitute medical malpractice, medical malpractice does not arise to the level of an Eighth Amendment violation. *Toguchi* 391 F.3d at 1060; *Broughton v. Cutter Lab*., 622 F.2d 458, 460 (9th Cir. 1980). Plaintiff's Complaint is therefore dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#1) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

November 27, 2021
DATE

*Marco Hernandez*
Marco A. Hernandez
United States District Judge